Ms. Frances M. Ross, Chair Capitol Zoning District Commission 1515 W. 7th, Suite 310 Little Rock, AR 72201
Dear Ms. Ross:
This is in response to your request for an opinion regarding Act 1223 of 1993 and its effect on the relationship between the Capitol Zoning Commission and State Building Services. Specifically, you have asked the following three questions:
 (1) The legislation gives the director of State Building Services authority to hire the director of the Capitol Zoning District Commission, but it does not address questions of firing, reassigning, or disciplining the director. Do these functions remain with the Commission?
 (2) What authority does the director of State Building Services exercise over daily activities of the Commission director in matters such as preparation of staff reports, enforcement actions, field reviews and on-site inspections?
 (3) What jurisdiction does this Act assign to the director of State Building Services over Commission authority and decision making?
In my opinion, the Director of State Building Services now has the authority to fire, reassign, and discipline the director of the Capitol Zoning District Commission, although the Commission may retain some authority to discipline the director. It does not appear, however, that the Director of State Building Services is to exercise any authority over the daily activities of the Commission director, nor does it appear that the State Building Services Director has jurisdiction over Commission authority and decision making, other than that incident to the hiring, firing, reassigning, or disciplining of the Commission director or professional staff.
Section 5 of Act 1223 amends A.C.A. § 22-3-303(e) (1987) to read as follows:
 (e)(1) The Director of State Building Services shall have the authority to hire the director and professional staff of the Capitol Zoning Commission. In hiring a director of the Capitol Zoning Commission, the Director of State Building Services shall seek the advice of the Capitol Zoning Commission.
 (2) The commission shall have the authority to enter into contracts of any lawful nature, and to do any and all acts necessary to effect the purposes of this subchapter.
Prior to its amendment by Act 1223, § 22-3-303(e) authorized the Capitol Zoning District Commission to hire its own director and professional staff.
As you note in your opinion request, Act 1223 refers only to the hiring of the director of the Capitol Zoning District Commission; it does not address the firing, reassigning, or disciplining of the director. This issue is not addressed in other relevant Code provisions either. My research has disclosed, however, that as a general rule, absent any constitutional or statutory limitation thereon, the power to fire is incident to the power to hire. See 63A Am. Jur. 2d Public Officers andEmployees § 221 (1984); 67 C.J.S. Officers and PublicEmployees § 118 (1978). As neither Act 1223 nor other pertinent code or constitutional provisions place any limitation on the power to fire the director or otherwise address the issue, it is my opinion that the power to fire or reassign the director lies implicitly with the Director of State Building Services, who has been given the power to hire the director.
While it is not as clear who has the power to discipline the director, it is my opinion that the power to discipline is necessarily implied in the greater power to fire and that, accordingly, the power to discipline should now be exercised by the Director of State Building Services. Any authority retained by the Capitol Zoning District Commission to discipline the director, pursuant to its operating powers, e.g., A.C.A. §§22-3-303(e)(2) and -307(a) (1987), should thus be exercised in cooperation with the State Building Services Director. This situation appears to warrant legislative clarification.
With respect to your second question, it is my opinion that Act 1223 neither provides nor indicates that the Director of State Building Services is to exercise any authority over the daily activities of the Commission Director such as those you describe.
Similarly, with respect to your third question, Act 1223 does not appear to give the Director of State Building Services any jurisdiction over Commission authority and decision making, with the exception of that related to the possible hiring, firing, reassigning, or disciplining of the Commission's director or professional staff.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh